UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BENNIE RAY BROWN, | ) | 1:05-cv-00221-OWW-TAG HC |
| Petitioner, | ) ) | |
| v. | ) ) ) ) ) | REPORT AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO EXHAUST CLAIMS (Doc. 1) |
| PEOPLE OF THE STATE OF CALIFORNIA, et al., | ) ) ) ) ) | ORDER DENYING PETITIONER'S MOTION AND REQUESTS FOR JUDICIAL NOTICE AS MOOT (Docs. 5, 7 and 8) |
| Respondent. | ) ) ) ) | ORDER DENYING PETITIONER'S MOTIONS FOR HEARING AS MOOT (Docs. 9, 10) |

  Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

  On February 16, 2005, Petitioner filed the instant federal petition for writ of habeas corpus in the United States District Court for the Eastern District of California. (Doc. 1). The petition contains the following five grounds for relief: (1) Denial of the right to counsel pursuant to the Sixth Amendment; (2) denial of the effective assistance of counsel pursuant to Strickland v. Washington[1];

---

[1] 466 U.S. 668 (1984).

(3) improper denial of Petitioner's request to replace his trial attorney; (4) denial of a "fair judicial process;" and (5) denial of his Fourth Amendment right due to arrest without probable cause by police officers. (Doc. 1, pp. 14-15).[2] In conjunction with his petition, Petitioner filed two identical motions for a court hearing (Docs. 9, 10), and also requested that the Court take judicial notice of various legal arguments made by Petitioner regarding the denial of his request for new counsel, transcripts of earlier court hearings regarding Petitioner's complaints against the Kern County Public Defender's Office and judicial system, and copies of various court and police documents. (Docs. 5, 7, 8).

Because it is evident that Petitioner has not and cannot exhaust his claims, the Court recommends that the instant Petition be dismissed.[3] Because the Court recommends dismissal of the Petition for lack of exhaustion, the Court will deny both the motions for a hearing and the requests for judicial notice, as moot.

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir.1990). Otherwise, the Court will order Respondent to respond to the petition. Rule 5 of the Rules Governing § 2254 Cases.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial

---

[2] The Court notes that Petitioner has raised virtually identical claims regarding his ongoing conflict with the Kern County Public Defender's Office in another federal habeas proceeding in this Court, in Case No. 1:04-cv-05134-REC-TAG.

[3] In addition, the Petition is facially deficient in several respects: (1) the named respondent is "People of the State of California," rather than the person having day-to-day custody over Petitioner; (2) two of Petitioner's claims do not refer in any fashion to specific federal constitutional principles or provisions as a basis for relief; and (3) instead of listing his claims in the form petition, Petitioner refers the reader to the attached legal discussion. All of these defects would normally prompt the Court to order Petitioner to amend his Petition or face dismissal. It would be futile, however, to provide Petitioner with an opportunity to amend his Petition to resolve these defects, given the irremediable exhaustion problems for which the Court is recommending dismissal.

opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

> In <u>Johnson</u>, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

<u>Lyons v. Crawford</u>, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

The gravamen of the instant petition is that Petitioner has a conflict of interest with the Kern County Public Defender's Office, that the public defender represented Petitioner over his objections at proceedings in which Petitioner pleaded guilty in November 2004, that Petitioner has since made several attempts to replace the public defender with other attorneys, that he has sought to withdraw his guilty plea in March 2005, because of the alleged conflict of interest, and that the Kern County Superior Court has denied Petitioner's motions to replace the public defender and to withdraw his plea.

From his petition, it is patent that Petitioner has not presented any of these issues to the California Supreme Court. Indeed, it does not appear that the post-trial proceedings have even been concluded or that a notice of appeal in the direct appeal from Petitioner's guilty plea has even been filed.[4] The instant petition therefore is effectively an interlocutory appeal from the decisions of the Kern County Superior Court.

A federal habeas corpus proceeding cannot substitute for state court appellate review. If Petitioner has not presented all of his claims to the California Supreme Court, the Court must dismiss the petition. See <u>Calderon v. United States Dist. Court</u>, 107 F.3d 756, 760 (9th Cir. 1997) (en banc); <u>Greenawalt v. Stewart</u>, 105 F.3d 1268, 1273 (9th Cir. 1997). Federal courts require exhaustion out of comity to the state court, and the requirement is designed to give state courts the initial opportunity to correct alleged constitutional deprivations. <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982); <u>Buffalo v. Sun</u>, 854 F.2d 1158, 1163 (9th Cir. 1988). The only exception to exhaustion is if the state provides no corrective process or if the state's process is so ineffective as to fail to protect the petitioner's rights under the circumstances. 28 U.S.C. § 2254(b)(1)(B).

///

---

[4] Indeed, several of the state court decisions for which Petitioner now seeks habeas relief took place in the Kern County Superior Court as recently as March 2, 2005, March 30, 2005, and April 12-13, 2005. (Doc.9, p. 2).

Here, it is evident that Petitioner has not, and cannot, exhaust his claims in state court in the foreseeable future. As no exception to the exhaustion requirement has been established, or even alleged, it is therefore improper for this Court to entertain Petitioner's claims in the context of a habeas corpus proceedings at this time.[5]

### **RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus (Doc. 1), be DISMISSED.

This Report and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy of this Report and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendation." Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

### **ORDER**

Based on the foregoing, IT IS ORDERED that:

1. Petitioner's motion for judicial notice of Marsden transcript, filed March 2, 2005 (Doc.5),

---

[5] The Court is cognizant of the United States Supreme Court's recent ruling in Rhines v. Weber, 125 S.Ct. 1528 (2005), holding that "stay and abey" procedures for "mixed" petitions containing both exhausted and unexhausted claims may, and perhaps should, be invoked when the petitioner establishes good cause for lack of exhaustion, a possibility of prevailing on the merits, and the absence of dilatory litigation tactics. Id. at 1535. The instant Petition, of course, is not a "mixed" one, since *none* of Petitioner's claims have been exhausted. Moreover, even assuming, arguendo, that some of the claims were exhausted, granting a stay to permit Petitioner to exhaust would be unreasonable under the circumstances. Petitioner has failed to establish good cause for his lack of exhaustion. To the contrary, it appears to the Court that Petitioner has made no effort to avail himself of the post-conviction review processes afforded him by the State of California. Instead, Petitioner has proceeded directly to federal court from the Kern County Superior Court. Thus, even were this a mixed petition, the exhaustion process for Petitioner's claims would be so lengthy and so fraught with uncertainties about the eventual outcome that staying the instant proceedings pending exhaustion is not a reasonable alternative. Thus, principles of comity as well as practical considerations preclude any option other than dismissal of the instant Petition.

and his requests for judicial notice filed April 4, 2005 (Doc. 7), and April 6, 2005 (Doc. 8), are DENIED as MOOT; and

   2.  Petitioner's motions for a hearing on the petition, filed April 20, 2005 (Doc. 9) and April 21, 2005 (Doc. 10), are DENIED as MOOT.

IT IS SO ORDERED.

**Dated:    April 22, 2005**                              **/s/ Theresa A. Goldner**
j6eb3d                                                    UNITED STATES MAGISTRATE JUDGE