1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   BENNY RAY BROWN,                      )        1:05-hc-00221-OWW-TAG-HC
                                           )
12          Petitioner,                    )        ORDER GRANTING EXTENSION
                                           )        OF TIME TO FILE OBJECTIONS
13          v.                             )        (Doc. 17 )
                                           )
14   PEOPLE OF THE STATE OF                )        ORDER DENYING MOTION FOR
     CALIFORNIA,                           )        HEARING  (Doc. 14)
15                                         )
            Respondent.                    )        ORDER DENYING MOTIONS FOR
16   _____ )        JUDICIAL NOTICE  (Docs. 12, 13,
                                                    15, 16, and 18)
17
              Petitioner is a state prisoner proceeding pro se in a petition for writ of habeas corpus pursuant
18
     to 28 U.S.C. § 2254.  On May 31, 2005, Petitioner filed a motion to continue (Doc. 17), which the
19
     Court construes as a motion for an extension of time to file objections to the Magistrate Judge's
20
     Findings and Recommendation, dated April 25, 2005, which recommended dismissal of the instant
21
     petition.  (Doc. 11).
22
              Petitioner has also filed five motions for judicial notice (Docs. 12, 13, 15, 16, and 18), and
23
     one request for a hearing.  (Doc. 14).  The motions for judicial notice refer to documents and
24
     information related to Petitioner's pending criminal prosecution in the Superior Court for the County
25
     of Kern ("Superior Court") in its Case No. BF 108480A.
26
     ///
27

28

DISCUSSION

A.  Motions for Judicial Notice.

On April 27, 2005, Petitioner filed a Motion for Judicial Notice in which Petitioner seeks judicial notice of "the state continuos [sic] conspiracy to maliciously prosecute Petitioner."  (Doc. 13, p. 1).  Attached to the motion are the following: (1) an untitled motion filed in the Court of Appeal, State of California, Fifth Appellate District ("5th DCA") on an unknown date with an unknown case number, requesting injunctive relief against the Superior Court due to the malicious prosecution of Petitioner; (2) a motion filed in the Superior Court in Case No. BF 108480A, Petitioner's pending criminal prosecution, seeking to replace Petitioner's court-appointed counsel with another attorney ("Marsden" motion); (3) an ex parte motion for transcript of prior Marsden hearing held April 13, 2005, filed in the Superior Court in Case No. BF 108480A; (4) a motion to withdraw Petitioner's guilty plea, filed by Petitioner's current attorney, Michael Gardina, filed March 18, 2005 in Case No. BF 108480A.  (Doc. 13).

On April 28, 2005, Petitioner filed a Notice of Motion and Motion for a Hearing.  (Doc. 14). In that motion, Petitioner alleges that the Superior Court in Case No. BF 108480A, state judges, prosecutors, and defense attorneys are conspiring to deny Petitioner's repeated Marsden motions seeking to replace Petitioner's current counsel of record.  It is not clear from the motion precisely what type of hearing Petitioner is requesting or what issues Petitioner would raise if such a hearing were ordered.

On May 2, 2005, Petitioner filed a second Motion for Judicial Notice, alleging a conspiracy among judges and lawyers in Kern County to deprive Petitioner of his constitutional rights.  (Doc. 15).  Attached to the motion are the following: (1) Petitioner's motion to substitute counsel, dated March 21, 2005, and filed in Superior Court in Case No. BF 108480A; (2) an undated Marsden motion filed in Superior Court by Petitioner in Case No. BF 108480A; (3) the request for judicial notice filed in this case by Petitioner on April 4, 2005 (Doc. 7), and denied as moot on April 25, 2005 (Doc. 11); (4) and a letter dated April 6, 2005, from the 5th DCA to Petitioner indicating that the addendum to his Extraordinary Writ was returned unfiled because the writ had already been denied.  (Doc. 15).

1   On May 12, 2005, Petitioner filed another motion for judicial notice of the fact that his

2   attorney is refusing to communicate with him and that the "court is allowing it." (Doc. 16).

3   Attached to the motion are the following documents: (1) the April 28, 2005 denial of Petitioner's

4   petition for a writ of mandate in the 5th DCA; (2) an ex parte motion filed in the Superior Court in

5   Case No. BF 108480A seeking to have Petitioner's counsel file a suppression motion; (3) an almost

6   illegible copy of a police report for Petitioner, dated November 28, 2004, indicating that when the

7   police officer made contact with Petitioner, the latter discarded a quantity of rock cocaine, and in the

8   subsequent search of Petitioner's person, a glass narcotics smoking pipe was discovered; (4) a

9   November 45, 2004, letter from Bakersfield City Attorney Virginia Gennaro, to Petitioner,

10  responding to Petitioner's public records request; (5) a November 29, 2004 Bakersfield Police

11  Department report concerning Petitioner's arrest for possession of suspected cocaine and drug

12  paraphernalia on the previous day.  (Doc. 16).

13  On June 7, 2005, Petitioner filed a Notice of Motion and Motion for Judicial Notice, in which

14  Petitioner asks that the "court take judicial notice and see the unfair treatment in judicial process, and

15  how the sign on attorney of record(s) and sign off attorney in their judicial misconduct to conspire to

16  illegally process via racial profiling and selective prosecution to petitioner continuously with no

17  regard to my life nor my son life." (Doc. 18, p. 1).  Attached to the motion are the following

18  documents: (1) a petition for writ of habeas corpus, signed June 1, 2005, and directed to the 5th DCA,

19  alleging inadequate representation in his current prosecution, racial profiling, and denial of his

20  Marsden motion; (2) a brief in support of the habeas petition, with attached exhibits which are copies

21  of documents previously filed with this Court and related to his pending prosecution in Case No. BF

22  104840A.

23  The Court may take judicial notice of facts that are capable of accurate and ready

24  determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid.

25  201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993).  The above-referenced

26  motions for judicial notice, however, ask this Court to judicially notice facts such as "unfair

27  treatment", "judicial misconduct", false statements by attorneys, and conspiracies among the judges

28  and attorneys in the Superior Court to deprive Petitioner of his constitutional rights (Docs. 12, 13,

15, and 18), which are "facts" appropriate for adjudication and which lie well beyond the scope of judicial notice. On this ground, Petitioner's motions must be denied.

Judicial notice may also be taken of court records. See Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th Cir. 1980); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D. Cal.1978), aff'd, 645 F.2d 699 (9th Cir.). However, as a general rule "a court may not take judicial notice of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it." M/V Am. Queen v. San Diego Marine Constr. Corp., 708 F.2d 1483, 1491 (9th Cir.1983). Judicial notice is an adjudicative device that alleviates the parties' evidentiary duties at trial, serving as a substitute for the conventional method of taking evidence to establish facts." York v. American Tel. & Tel. Co., 95 F.3d 948, 958 (10th Cir. 1996); see also General Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1081 (7th Cir. 1997).

Here, the vast majority of documents which Petitioner has appended to his motions for judicial notice are documents that Petitioner himself has authored and which repeat the same arguments and unsubstantiated allegations regarding a conspiracy among judges and attorneys, the trial court's unjustifiable refusal to grant his Marsden motion, and ineffective assistance by Petitioner's trial counsel. These are arguments and allegations, not facts. As such, they are not the proper subject of judicial notice and must be denied.

Moreover, all of Petitioner's motions for judicial notice are moot. The instant petition purports to raise constitutional claims relating to Petitioner's pending prosecution in Case No. BF 104840A. (Doc. 1). The Court has already recommended to the District Court that the petition be dismissed not only because it raises claims that are unexhausted in state court, but because it raises claims that arise out of a pending criminal prosecution which is ongoing.   (Doc. 11). Thus, to the extent that Petitioner's motions for judicial notice seek judicial notice of court proceedings in Case No. BF 104840A, they must be denied as moot.

///

///

B. <u>Motion for a Hearing</u>.

Petitioner's motion for a hearing on these issues likewise must be denied at this time.  Rule 8(a) of the Rules Governing Section 2254 Cases provides that where a petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and transcripts and record of the state court proceedings are filed, shall, upon review of those proceedings, determine whether an evidentiary hearing is required.  The purpose of an evidentiary hearing is to resolve the merits of a factual dispute.  An evidentiary hearing on a claim is required where it is clear from the petition that: (1) the allegations, if established, would entitle the petitioner to relief;  and (2) the state court trier of fact has not reliably found the relevant facts.  <u>See</u>, <u>Hendricks v. Vasquez</u>, 974 F.2d 1099, 1103 (9th Cir.1992).  As the function of an evidentiary hearing is to try issues of fact, <u>Townsend v. Sain</u> 372 U.S. 293, 309 (1963)(<em>overruled in part by</em> <u>Keeney v. Tamayo-Reyes</u>, 504 U.S. 1, 112 S.Ct. 1715 (1993)), such a hearing is unnecessary when only issues of law are raised. <u>Id</u>.

Here, because the Court has previously issued a recommendation that the instant petition be dismissed as premature and containing unexhausted claims, no hearing is required since no allegations in the Petition, if established, would entitle Petitioner to relief at the present time.  However, in the future, the Court will sua sponte issue an order for an evidentiary hearing should it find one necessary.

C. <u>Motion to Continue</u>.

Based upon his limited access to law library resources, Petitioner requests an extension of time of sixty days within which to file his objections.  (Doc. 17).   In considering Petitioner's motion to continue, it bears emphasis that, as noted above, Petitioner has filed no less than <em>six</em> separate legal documents in this case, totaling several hundreds of pages,  <em>after</em> the Magistrate Judge issued the Findings and Recommendation to dismiss the petition and during the period for filing objections.  (Docs. 12, 13, 14, 15, 16, and 18).   From these voluminous filings, it appears, therefore, that Petitioner's access to the law library is not so limited or constrained that an additional sixty days is required to file his objections.  Accordingly, the Court will grant a thirty day extension for Petitioner to file his objections.

///

ORDER

Accordingly, it is HEREBY ORDERED that:

1. Petitioner's Motions for Judicial Notice (Docs. 12, 13, 15, 16, and 18), are DENIED as MOOT;

2. Petitioner's Motion for Hearing (Doc. 14), is DENIED; and

3. Petitioner's Motion to Continue (Doc. 17), is GRANTED in part. Petitioner is granted **thirty (30)** days from the date of service of this order in which to file objections to the Findings and Recommendation of April 25, 2005.


IT IS SO ORDERED.

**Dated:    June 10, 2005                    /s/ Theresa A. Goldner**
j6eb3d                                    UNITED STATES MAGISTRATE JUDGE